IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                              NO. 13-CR-50016

JASON S. SOBRALSKI

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se **Motion Under 18 U.S.C. § 3582(c)(2) (Doc. 30)**, the Government's Response (Doc. 31), and Defendant's Reply (Doc. 32)  For the reasons stated herein, the undersigned recommends that the Motion be denied.

On April 22, 2013, Defendant pled guilty, pursuant to a written plea agreement, to possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 18.)  On August 30, 2013, a judgment was entered sentencing Defendant to 60 months imprisonment, 3 years supervised release, and a $100.00 special assessment. (Doc. 28.)

On August 11, 2014, Defendant filed the motion currently before the Court pursuant to 18 U.S.C. § 3582(c)(2), seeking one year of credit towards his sentence for completion of the Bureau of Prisons' (BOP) Drug and Alcohol Program.  Defendant asserts that he has been informed by the BOP that he does not qualify for the sentence credit because his offense involved possession of a firearm.  Defendant argues that this Court "failed to take into consideration" that he possessed the firearm due to his line of work as a "bouncer," and he did not use it in furtherance of a drug crime.  (Doc. 30 at pg. 1.)

-1-

As the Government points out, the statute Defendant cites in his motion - - § 3582(c)(2) - - does not apply to the type of sentence credit Defendant is seeking; it only authorizes sentence reductions based on sentencing ranges that have subsequently been lowered by the Sentencing Commission. In his Reply, Defendant states that "today officially marks the last day for [him] to file a 2255 motion for relief before [the] Statute of Limitations tolls." (Doc. 32 at pg. 1.) Defendant asks that his § 3582(c)(2) motion be converted to a § 2255 motion or be dismissed without prejudice so that he may file a § 2255 motion. The undersigned will not treat Defendant's § 3582(c)(2) motion as a § 2255 motion, as a sentencing credit is properly pursued by filing a 28 U.S.C. § 2241 motion in the district where Defendant is incarcerated in Texas and not by filing a § 2255 motion in this Court. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). Further, it appears that any § 2255 challenge Defendant may wish to make to his conviction is procedurally defaulted based on his failure to file a direct appeal. See United States v. Hamilton, 604 F.3d 572, 574 (8th Cir. 2010). Should Defendant wish to nevertheless attempt to pursue § 2255 relief, he may request forms for doing so by writing a letter to the District Court Clerk. The undersigned expresses no opinion on whether a § 2255 motion would be barred by the statute of limitations.

Based upon the foregoing, the undersigned recommends that Defendant's **Motion Under 18 U.S.C. § 3582(c)(2) (Doc. 30)** be **DENIED**. **The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

DATED this 22nd day of September, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)