IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                           CASE NO. 5:13-CR-50016

JASON S. SOBRALSKI                                              DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Jason S. Sobralski's Motion Under 18 U.S.C. 3582(c)(2) (Doc. 30), Plaintiff United States of America's Response (Doc. 31), Defendant's Reply (Doc. 32), and the Report and Recommendation ("R & R") (Doc. 33) of the Honorable Erin L. Setser, United States Magistrate for the Western District of Arkansas, filed in this case on September 22, 2014, regarding Defendant's Motion. Also before the Court are Defendant's objections to the R & R (Doc. 34). The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Defendant has raised objections, 28 U.S.C. § 636(b)(1), and finds that Defendant's objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Court finds that the R & R should be, and hereby is, **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Defendant's Motion is **DENIED**.

On April 22, 2013, Defendant entered a plea of guilty, pursuant to a plea agreement, to one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 18). A judgment was entered on August 30, 2013, sentencing Defendant to 60 months of imprisonment, 3 years of supervised release, and a $100.00 special assessment. (Doc. 28).

Defendant filed the Motion currently before the Court on August 11, 2014, asking the Court to award him one year of credit towards his sentence of imprisonment based on his completion of the Bureau of Prisons' ("BOP") Drug and Alcohol Program. (Doc. 30, p. 1). In his Motion, Defendant explains that he was informed by the BOP that his offense of conviction renders him ineligible for the requested one-year credit. See Doc. 30, p. 1; Doc. 30-1, p. 1. Defendant argues that with regard to his underlying conviction or sentence, the Court failed to consider that he merely possessed the firearm for protection in his line of work as a bouncer and that he never used the firearm in furtherance of a drug crime. (Doc. 30, p. 1). Defendant also notes that during his time of imprisonment he has nearly completed his GED and has acquired 26 certificates commending his completion of various self-improvement classes. (Doc. 30, p. 2). In its Response, the United States argues that a court cannot reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) unless that defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," and that no such guideline amendment has been identified in the instant case. See Doc. 31, p. 3 (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)). In his Reply, Defendant asks the Court either to convert his Motion to a request for relief under 28 U.S.C. § 2255, or if it denies his Motion, to do so without prejudice to his right to bring a § 2255 request. (Doc. 32, p. 1).

The Magistrate recommends denying Defendant's Motion because "the statute Defendant cites in his motion - - § 3582(c)(2) - - . . . only authorizes sentence reductions based on sentencing ranges that have subsequently been lowered by the Sentencing Commission." (Doc. 33, p. 2). The R & R also declines to treat Defendant's Motion as

having been brought under § 2255 because "a sentencing credit is properly pursued by filing a 28 U.S.C. § 2241 motion in the district where Defendant is incarcerated in Texas and not by filing a § 2255 motion in this Court." *Id.* (citing *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994)). Defendant filed two written objections to the R & R, arguing that (1) "[t]he gun was not used in furtherance of any drug related offense," and (2) "Defendant has accepted responsibility and has demonstrated worthiness by accomplishing all he can possibly do to improve himself in the time he has been incarcerated." (Doc. 34, p. 2). Defendant raised both of these arguments in his original Motion. The R & R considered and correctly rejected both of these arguments as inapposite, because the statute cited in Defendant's Motion does not authorize the Court to reduce Defendant's sentence on either of those grounds.

In the same document containing Defendant's written objections, he observed that the R & R "did not find that relief may not be appropriate under . . . 18 USC 3621(e)(2)(B)." Section 3621(e)(2)(B) states that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." As correctly noted in the R & R, if Defendant wishes to pursue a sentencing credit in court, then he must do so by filing a 28 U.S.C. § 2241 motion in the district where he is incarcerated in Texas. This Court would not have jurisdiction of a § 2241 motion by Defendant, because Defendant is not incarcerated

in this district. *Dyer*, 23 F.3d at 1426. Accordingly, this Court will not construe Defendant's Motion as a § 2241 motion.[1]

The Court, being well and sufficiently advised, finds that the R & R (Doc. 33) should be and hereby is **ADOPTED IN ITS ENTIRETY**. Defendant's Motion Under 18 U.S.C. 3582(c)(2) (Doc. 30) is **DENIED**.

**IT IS SO ORDERED** this 18th day of December, 2014.

                                                  TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE

---

[1] Although the Court is not construing Defendant's Motion as a § 2241 motion, the Court notes by way of observation that the BOP has issued regulations implementing 18 U.S.C. § 3621(e)(2)(B), and that those regulations categorically deny early release to prisoners whose current offense is a felony "that involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.55(b)(5)(ii). In *Lopez v. Davis*, the United States Supreme Court held that such regulations are "a permissible exercise of the [BOP]'s discretion." 531 U.S. 230, 233 (2001). Defendant's current offense is a felony conviction for "*Possession of a Firearm* in Furtherance of a Drug Trafficking Crime." *See* Doc. 28, p. 1 (emphasis added).

4