IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

V.     CASE NO. 5:13-CR-50016

JASON S. SOBRALSKI     DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Jason S. Sobralski's Motion for Reduction of Sentence per USSG Amendment 782. (Doc. 35). Plaintiff United States of America has not filed any response. For the reasons stated herein, Defendant's Motion is **DENIED**.

On April 22, 2013, Defendant entered a plea of guilty, pursuant to a plea agreement, to one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 18). A judgment was entered on August 30, 2013, sentencing Defendant to 60 months of imprisonment, 3 years of supervised release, and a $100.00 special assessment. (Doc. 28).

Defendant filed the Motion currently before the Court on November 6, 2014. (Doc. 35). In his Motion, Defendant asserts that after he entered a guilty plea to the instant offense of conviction, "[t]he Federal Probation Office calculated [Defendant]'s base offense level at 23, and criminal history category . . . at 2 points," that he received a "three level reduction" for acceptance of responsibility, that he received a "three level increase" because of "a prior state charge in 2008," and that this ultimately resulted in a guidelines sentencing range of 51 to 63 months. *See id.* at pp. 1 – 2. Defendant argues that

application of U.S.S.G. Amendment No. 782 "will allow for a 19 month reduction in sentence, as the amended range is 41-51 months, at level 21, [criminal history category] II." *See id.* at p. 2.[1]

Defendant's characterizations of his Presentence Investigation Report (PSR) and guideline sentencing range are flatly incorrect. Pursuant to U.S.S.G. § 2K2.4(b) (2012 ed.), the PSR calculated "a guideline sentence that is the minimum term of imprisonment required by statute," which was 5 years. (Doc. 24, ¶¶ 35 – 37). The PSR specifically refrained from basing its guideline sentence calculation on any numerical offense level or criminal history category. *See, e.g., id.* at ¶¶ 35 – 37, 50, 74. Defendant's guideline sentence calculation was not based on any drug or chemical quantity. *See id.* The Court adopted the PSR without change, including the PSR's calculation of Defendant's advisory guideline range at "60 months." (Doc. 29, p. 1).

18 U.S.C. § 3582(c)(2)[2] only authorizes the Court to reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] As additional grounds for relief, Defendant cites his "compliance with court recommendations, . . . rehabilitation efforts, . . . clean institutional record, as well as the need of [Defendant]'s young children to have his parenting guidance and financial support . . . ." (collectively, "Additional Arguments"). (Doc. 35, p. 2). Defendant raised these Additional Arguments in his prior Motion Under 18 U.S.C. 3582(c)(2), filed on August 11, 2014. On December 18, 2014, the Court entered an Opinion and Order on that prior Motion, rejecting these Additional Arguments. (Doc. 36). To the extent the instant Motion raises these Additional Arguments again, the Court rejects them for the same reasons given in its December 18 Opinion and Order, and does not believe any further discussion of them is needed.

[2] Although Defendant's instant Motion states that he is requesting relief "pursuant to 28 USC 3582(c)(2)," the Court assumes that Defendant meant to type "18" rather than "28," because 18 U.S.C. § 3582(c)(2) pertains to subsequent reductions of guideline sentencing ranges, and there is no statute to be found at 28 U.S.C. § 3582(c)(2).

Sentencing Commission . . . ." The section of the Sentencing Guidelines that determined Defendant's guideline sentencing range has not been subsequently amended by Amendment 782 or any other amendment. *Compare* U.S.S.G. § 2K2.4(b) (2012 ed.) *with* U.S.S.G. § 2K2.4(b) (2014 ed.). Defendant's advisory guideline range would be the same if calculated today as it was on the day of his sentencing. Therefore, Defendant's Motion for Reduction of Sentence per USSG Amendment 782 (Doc. 35) is **DENIED**.

**IT IS SO ORDERED** this 31st day of December, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3